UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>         v.<br><br>MARGARITO RAMIREZ CABALLERO<br><br>    Movant. | No.  2:07-cr-0088 KJM DAD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  On June 10, 2008, movant was convicted of conspiring to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine (Count One) and possession with the intent to distribute that same amount of methamphetamine (Count Two).  Movant now seeks post-conviction relief on the following grounds:  (1) his trial counsel rendered ineffective assistance; (2) the evidence presented at trial was insufficient to support his convictions and/or he is actually innocent of the crimes of which he was convicted; and (3) the trial court's denial of his motion for judgment of acquittal, when the court had granted the motion for judgment of acquittal brought by one of his co-defendants, resulted in an unfair, disparate result.

---

[1]  This motion was assigned, for statistical purposes, the following civil case number: No. 2:13-cv-01231 KJM DAD P.

1

Upon careful consideration of the record and the applicable law, the undersigned recommends that movant's § 2255 motion be denied.

**I. Factual Background**

The following factual background is taken from the trial brief filed by movant's appointed trial counsel.

> In November 2006, Special Agent Cary Cummings, utilizing a confidential source (hereinafter "C.S."), attempted purchases of methamphetamine from Defendant Sabas Miramontes. Miramontes allegedly had more than one source of supply and provided samples from more than one source. The C.S. allegedly met Jesus Valencia Ontiveros, one of the sources of supply, and had a conversation with Victor Alvarado, "Beto", who, according to the C.S., worked with Valencia Ontiveros.
>
> On February 22 and 23, 2007, law enforcement attempted to do a controlled purchase from Miramontes, Alvarado and Valencia Ontiveros. The deal fell through on both occasions. On February 24, 2007, the C.A. and Alvarado agreed to "complete the transaction."
>
> On February 24, 2007, Alvarado and Valencia Ontiveros arrived at the Wal-Mart parking lot in Yuba City in a black Ford Explorer. Sometime thereafter, a black Chevrolet truck belonging to Ricardo Valencia Diaz drove into the parking lot. Alvarado exited the Explorer and walked one stall over to the Chevrolet Truck. Alvarado leaned into the window on the driver's side. Law enforcement observed three (3) occupants in the Chevrolet truck. The Chevrolet truck exited the parking lot.
>
> The black Chevrolet truck re-entered the Wal-Mart parking lot area and the C.S. observed Alvarado and Valencia Ontiveros exit the Ford Explorer and enter a grey Toyota Sequoia. Alvarado entered the driver's side door and Valencia Ontiveros sat in the seat behind Alvarado. The C.S. walked over to the Sequoia and spoke with Alvarado through the driver's side window. Alvarado allegedly showed methamphetamine to the C.S. and a signal was given for law enforcement to make arrests. Alvarado and Ontiveros were arrested at this scene and a loaded .357 was recovered from the Toyota Sequoia along with approximately four (4) pounds of methamphetamine.
>
> The occupants in the black Chevrolet truck, Margarito Ramirez Caballero, Ricardo Valencia Diaz and Gonzalo Valencia Herrera, were also arrested. Ramirez Caballero was driving the black Chevrolet. Valencia Diaz was the front passenger and Valencia Herrera was sitting in the rear. An unloaded SKS assault rifle was found in a gun case underneath the rear seat of the black Chevrolet truck. A box of ammunition was found in the glove compartment.

/////

> Eventually, Jose Luis Villanueva Diaz was also arrested. He had previously seen [sic] driving the grey Toyota Sequoia.
>
> Jesus Valencia Ontiveros (t.n. Orfanel Valencia Ontiveros) pled guilty to Counts 1 and 2 of the Superceding Indictment. . . . From the inception, this defendant had admitted his involvement to S.A. Cummings.
>
> Victor Manual Alvarado admitted his involvement in the conspiracy and possession with the intent to distribute the methamphetamine when he was first interviewed by S.A. Cummings.
>
> The other defendants, except Sabas Miramontes, indicated in their interview that they had no knowledge that Alvarado and Valencia Ontiveros were transacting a drug deal.

(ECF No. 71 at 2-3.) The evidence introduced at movant's trial also showed that there were numerous telephone calls between Alvarado's telephone and a telephone associated with movant both on the day of the arrests, February 24, 2007, and over the immediately preceding days. (ECF No. 155 at 5.)

**II. Procedural Background**

As movant's appointed trial counsel noted in his trial brief,

> The Government filed an Indictment in this case on March 8, 2007, and a Superseding Indictment on January 24, 2008, charging defendants Victor Manuel Alvarado, Jesus Valencia Ontiveros, Sabas Miramontes, Jose Luis Villanueva Diaz, Ricardo Valencia Diaz, Margarito Ramirez Caballero and Gonzalo Valencia Herrera in Count 1 with violation of Title 18 U.S.C., §§ 846 and 841(a)(1), conspiracy to distribute and possess with the intent to distribute methamphetamine from February 5, 2007, to February 25, 2007. All the defendants except Sabas Miramontes were charged in Count 2 with violation of Title 21, U.S.C. § 841(a)(1), possession with intent to distribute methamphetamine on February 25, 2007. Count 3 charged only Victor Manuel Alvarado with violation of Title 18, U.S.C. § 924(c) possession of a firearm in furtherance of a drug traffic crime on February 25, 2007. Count 4 charged only Ricardo Valencia Diaz with violation of Title 18 U.S.C. § 924(c) possession of a firearm in furtherance of a drug traffic crime on February 25, 2007. Count 5 charged only Sabas Miramontes with violation of Title 218, U.S.C. § 841(a)(1), possession with intent to distribute methamphetamine.

(ECF No. 71 at 1-2.)

Trial commenced against movant and his co-defendants Ricardo Diaz and Gonzalo Herrera on May 20, 2008. (ECF Nos. 104, 134.) On June 5, 2008, after the close of evidence

and after all parties had rested their case, movant, defendant Diaz, and defendant Herrera moved for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. (ECF No. 151.) After hearing argument, the assigned district judge denied the motions for acquittal filed by movant and defendant Diaz. (Id.)  After taking the matter under submission, on June 9, 2009, the trial court issued a memorandum and order granting defendant Herrera's motion for acquittal. (ECF No. 155.)

On June 25, 2008, the jury returned verdicts finding movant guilty on both Counts One and Two of the indictment. (ECF No. 163.) On August 25, 2008, movant was sentenced to 292 months in the custody of the United States Bureau of Prisons on each of the two counts for which he was convicted, with those sentences to be served concurrently. (ECF No. 189.)

Movant filed the instant motion pursuant to 28 U.S.C. § 2255 on his own behalf on June 19, 2013. (ECF No. 236.)

**III. The Law Applicable to Motions Pursuant to 28 U.S.C. § 2255**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. United States v. Monreal, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. Davis v. United States, 417 U.S. 333, 344-45 (1974); United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999). See also United States v. Berry, 624 F.3d 1031, 1038 (9th Cir. 2010) (quoting United States v. Wilcox, 640 F.2d 970, 972 (9th Cir.1981)) ("[Motions under § 2255 are limited to:]  (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence imposed in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack."). To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also United States v. Montalvo, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that Brecht's harmless error standard applies to habeas cases

under section 2255, just as it does to those under section 2254.")  Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." Davis, 417 U.S. at 346.  See also United States v. Gianelli, 543 F.3d 1178, 1184 (9th Cir. 2008).

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotation marks omitted). See also United States v. Withers, 638 F.3d 1055, 1062-63 (9th Cir. 2011); United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003).  To warrant a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief.  Withers, 638 F.3d at 1062; McMullen, 98 F.3d at 1159.  Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

**IV. Movant's Claims for Relief**

    **A. Ineffective Assistance of Trial Counsel**

Movant claims in his ground one for relief that his trial counsel rendered ineffective assistance.  In his § 2255 motion, this claim is stated by movant, in full, as follows:

> Defense Counsel was ineffective for his failure to investigate and prepare for trial, and failed to subject Defendant's case to a meaningful adversarial testing, and his failure to interview, secure and call defense witnesses to the stand such as co-defendants to exonerate him.  No voice exemplars, etc.

(ECF No. 346 at 5.)[2]

In his traverse, movant greatly expands his arguments in support of his ineffective assistance of trial counsel claim.  Specifically, therein movant alleges that his trial counsel

---

[2] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

rendered ineffective assistance by: (1) failing to investigate, argue, and show that the evidence was insufficient at the close of the government's case-in-chief to demonstrate beyond a reasonable doubt that movant conspired to distribute methamphetamine or possess with intent to distribute methamphetamine; (2) failing to show that the evidence was insufficient at the close of the government's case-in chief to demonstrate beyond a reasonable doubt that movant possessed with intent to distribute methamphetamine; and (3) failing to "object to [the trial court's] lack of issuance of a jury instruction" informing the jury that "mere presence" at the scene of a crime is insufficient to establish the commission of the crime. (ECF No. 356 at 1-14.)

A traverse is not the proper pleading in which to raise additional grounds for relief. Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994); see also Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994) ("we review only issues which are argued specifically and distinctly in a party's opening brief"). In order for the respondent to be properly advised of and address all of movant's claims, they must be presented in the original § 2255 motion. To the extent movant is attempting to raise in his traverse additional grounds in support of his claim the he received ineffective assistance from his trial counsel that were not raised in his original § 2255 motion, they are improperly raised and the claim should be rejected on that basis alone.

Nonetheless, even if the grounds raised by movant in his traverse are properly before this court, they fail on their merits, for the reasons explained below.

**1. Law Applicable to Claims of Ineffective Assistance of Counsel**

The clearly established federal law governing ineffective assistance of counsel claims is that set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To succeed on a Strickland claim, a defendant must show that (1) his counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." Id. at 687. Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." Id. at 687–88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" Harrington v.

1   Richter, 562 U.S. 86, ___, 131 S. Ct. 770, 787-88 (2011) (quoting Strickland, 466 U.S. at 687).

2         A reviewing court is required to make every effort "to eliminate the distorting effects of

3   hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the

4   conduct from counsel's perspective at the time." Strickland, 466 U.S. at 669. See also Richter,

5   131 S. Ct. at 789 (same). Reviewing courts must "indulge a strong presumption that counsel's

6   conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S.

7   at 689. There is in addition a strong presumption that counsel "exercised acceptable professional

8   judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990)

9   (citing Strickland, 466 U.S. at 689). This presumption of reasonableness means that the court

10  must "give the attorneys the benefit of the doubt," and must also "affirmatively entertain the

11  range of possible reasons [defense] counsel may have had for proceeding as they did." Cullen v.

12  Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1407 (2011) (internal quotation marks and alterations

13  omitted).

14        Prejudice is found where "there is a reasonable probability that, but for counsel's

15  unprofessional errors, the result of the proceeding would have been different." Strickland, 466

16  U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the

17  outcome." Id. "The likelihood of a different result must be substantial, not just conceivable."

18  Richter, 131 S. Ct. at 792.

19        **2. Analysis**

20        Movant's ineffective assistance of counsel claim, as articulated in his § 2255 motion, is

21  unduly vague and conclusory and relief should be denied on that basis alone. Movant's

22  arguments that his trial counsel failed to: (1) "investigate and prepare for trial;" (2) subject his

23  case to "meaningful adversarial testing;" (3) call "defense witnesses to the stand such as co-

24  defendants to exonerate him;" and (4) utilize or investigate "voice exemplars," are without any

25  factual support and are insufficient to establish movant's entitlement to relief under § 2255. In

26  particular, movant has failed to specify the type of investigation that he claims his trial counsel

27  should have performed, the witnesses his attorney should have called to testify at trial, or the

28  nature of the "voice exemplars" he now asserts that his attorney should have utilized at trial.

"'Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).  Moreover, "[t]he decision whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial." United States v. Nersesian, 824 F.2d 1294, 1321 (2d Cir. 1987).  Reasonable tactical decisions, including decisions with regard to the presentation of the case, are "virtually unchallengeable." Strickland, 466 U.S. at 687-90.

In his traverse, movant argues that, if called as witnesses at his trial, some or all of his co-defendants would have testified that they "in fact did not know who [movant] was, and that [movant] had no knowledge of the transaction being conducted." (ECF No. 356 at 8.)  These conclusory allegations are insufficient to establish prejudice.  Without evidence, as opposed to speculation, as to what additional witnesses would have testified to at trial, movant cannot establish prejudice with respect to a claim of ineffective assistance of counsel for failing to call trial witnesses.  See Dows v. Wood, 211 F.3d 480, 486-87 (9th Cir. 2000) (no ineffective assistance of counsel for failure to call an alleged alibi witnesses where the petitioner did not identify an actual witness, did not provide evidence that the witness would have testified and failed to present an affidavit from the alleged witness the petitioner now claimed should have been called to testify at trial); Grisby v. Blodgett, 130 F.3d 365, 373 (9th Cir. 1997) (same); United States v. Harden, 846 F.2d 1229, 1231-32 (9th Cir. 1988) (no ineffective assistance because of counsel's failure to call a witness where, among other things, there was no evidence in the record that the witness would have testified); United States v. Berry, 814 F.2d 1406, 1409 (9th Cir. 1987) (appellant failed to satisfy the prejudice prong with respect to his ineffective assistance of counsel  claim because he offered no indication of which potential witnesses would have testified to or how their testimony might have changed the outcome of the hearing).  Here, movant has failed to establish that any uncalled witnesses would have agreed to testify had they been called to do so, what their testimony would have been or that the testimony they would have given would have changed the outcome of his trial.

/////

The undersigned notes that movant's trial counsel called five witnesses in support of the defense case and, in addition, movant testified on his own behalf at trial. Movant's trial counsel also competently cross-examined the government's trial witnesses. There is no evidence in the record suggesting that movant's counsel failed to investigate movant's case and/or to adequately prepare for trial, failed to subject the government's case to meaningful testing, or failed to put on a competent defense on movant's behalf. Movant's vague and conclusory argument that his trial counsel provided him ineffective assistance because he failed to call witnesses in movant's defense at trial lacks a factual basis and should be rejected.

As explained above, movant's counsel moved for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure at the close of the government's case-in-chief. The trial court denied that motion. Movant claims in the traverse that his trial counsel rendered ineffective assistance in failing to demonstrate that the evidence introduced against movant at trial was insufficient to support the charges against him. Thus, the essence of movant's argument appears to be that his trial counsel should have made a better argument in support of the Rule 29 motion and convinced the trial judge that the government had failed to prove its case.

On direct appeal, movant challenged the trial court's denial of his Rule 29 motion for acquittal. (ECF No. 342 at 3.) In rejecting that claim, the Court of Appeals for the Ninth Circuit stated as follows:

> Viewing the evidence in the light most favorable to the government, a rational juror could have found the essential elements of both counts of the indictment beyond a reasonable doubt. United States v. Neill, 155 F.3d 943, 948 (9th Cir. 1999). Government witnesses testified that Caballero communicated extensively with his co-conspirators prior to and during the methamphetamine sale, that he drove a security and surveillance vehicle carrying a rifle and ammunition to the scene of the crime, and that he engaged in counter-surveillance tactics once he arrived. See United States v. Vgeri, 51 F.3d 876, 879 (9th Cir. 1995) ("[A]greement may be inferred from the defendants' acts pursuant to the scheme, or other circumstantial evidence.").

(Id.) The Ninth Circuit's conclusion that the evidence introduced at movant's trial was sufficient to support his convictions is the law of the case. The law of the case doctrine provides that "a court is generally precluded from reconsidering an issue that has already been decided by the

9

same court, or a higher court in the identical case." United States v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) (quoting United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted)). See also United States v. Jingles, 702 F.3d 494, 498 (9th Cir. 2012). A court may have discretion to depart from the law of the case if: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result. Alexander, 106 F.3d at 876. None of these five exceptions to the law of the case doctrine are present in this case.

Because the Ninth Circuit concluded that the evidence introduced at movant's trial was sufficient to support his convictions, movant is unable to establish prejudice with respect to this aspect of his ineffective assistance of counsel claim. The failure of movant's trial counsel to advance some other argument at the close of evidence that the evidence was insufficient to support movant's convictions cannot constitute ineffective assistance. Any such argument would have been meritless in light of the Ninth Circuit's conclusion that the evidence was sufficient. See Jones v. Smith, 231 F.3d 1227, 1239 n.8 (9th Cir. 2000) (citing Boag v. Raines, 769 F.2d 1341, 1344 (9th Cir. 1985)) (an attorney's failure to make a meritless objection or motion does not constitute ineffective assistance of counsel)); see also Matylinsky v. Budge, 577 F.3d 1083, 1094 (9th Cir. 2009) (counsel's failure to object to testimony on hearsay grounds not ineffective where objection would have been properly overruled); Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996) ("the failure to take a futile action can never be deficient performance").

Movant is also not entitled to relief on his claim that his trial counsel rendered ineffective assistance by failing to object to the trial court's "lack of issuance" of a jury instruction informing the jury that "mere presence" at the scene of a crime does not establish commission of the crime. Movant now argues that the trial court should have instructed the jury that:

> A person's presence at the scene of an alleged crime, without more, is not enough to prove that the person committed the crime. The fact that the person witnesses a crime, made no objection or did not notify police, does not make that person guilty of a crime, although a person's presence at the time and place of a crime, may be a determining factor in his guilt or innocence.

10

(ECF No. 356 at 12.) As explained above, on appeal the Ninth Circuit concluded that the evidence introduced at movant's trial was sufficient to establish that he was a participant in the charged criminal offenses. Given this conclusion, a jury instruction on the law governing persons who are merely present at the scene of a crime was not required at movant's trial. Put another way, because sufficient evidence was offered to support movant's convictions, there is no reasonable probability that, but for his counsel's failure to request a "mere presence" jury instruction, the result of the proceedings would have been different. Strickland, 466 U.S. at 694.

For all of the foregoing reasons, movant is not entitled to relief on his claims of ineffective assistance of trial counsel.

### B. Sufficiency of the Evidence/Actual Innocence

Movant's next claim for relief is stated in his § 2255 motion, in full, as follows:

> Actual innocence due to insufficient evidence, and the fact that Defendant's knowledge of any conspiracy was not proven to jury. Defendant's knowledge of any conspiracy was not proven to the jury, since there was insufficient evidence provided at trial. Defendant did not possess nor knew that there was any drugs at the time of arrest, nor had any knowledge that there was a deal being done. Neither informants or others knew Defendant.

(ECF No. 346 at 5.) In his traverse, movant argues that the government failed to prove he had any involvement in the drug conspiracy. (ECF No. 356 at 14.) He explains that he was present at the scene of the crime simply because he had been asked to drive the Chevrolet truck by its intoxicated driver. He argues that he was found "guilty by association." (Id. at 14.) Movant also contends that his co-defendant Herrera, whose Rule 29 motion was granted by the trial court, "had to have been much more informed about the situation at hand." (Id. at 15.)

In making these allegations, movant appears to simply be repeating the arguments he raised on appeal that the trial court erred in denying his Rule 29 motion for judgment of acquittal. To the extent movant is attempting to raise the same claim or make the same argument that he raised on appeal, his claim is not cognizable in this § 2255 motion. See United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985) (claims previously raised on appeal "cannot be the basis of a § 2255 motion."); United States v. Currie, 589 F.2d 993, 995 (9th Cir. 1979) ("[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding."); see also

1  Davis v. United States, 417 U.S. 333, 342 (1974) (issues determined in a previous appeal are not
2  cognizable in a § 2255 motion absent an intervening change in the law).

3        In addition, claims challenging the sufficiency of the evidence at trial, such as movant is
4  attempting to claim here, are not cognizable by way of § 2255 motions. See Berry, 624 F.3d at
5  1038 (movant's "evidence-based" claim that "called into doubt the overall weight of the evidence
6  against him" was not cognizable in § 2255 motion); see also Barkan v. United States, 362 F.2d
7  158, 160 (7th Cir. 1966) ("[A] collateral proceeding under section 2255 cannot be utilized in lieu
8  of an appeal and does not give persons adjudged guilty of a crime the right to have a trial on the
9  question of the sufficiency of the evidence or errors of law which should have been raised in a
10 timely appeal."); United States v. Collins, No. C 97-1854 SI, 1999 WL 179809, at *12 (N.D. Cal.
11 Mar. 25, 1999) ("The insufficiency of the evidence is not a cognizable attack under section
12 2255.")  Even if an insufficiency of the evidence claim were cognizable in these proceedings, the
13 Ninth Circuit has already concluded on appeal that the evidence introduced at movant's trial was
14 sufficient to support the jury verdict against him.  Movant's repeated claims to the contrary are
15 unavailing.

16       Movant also asserts that he is "probably innocent."  (ECF No. 356 at 14.)  He argues in his
17 traverse that he "vigorously maintained his innocence as **a mere invited passenger** and denied
18 any and all knowledge of illegal activity on the part of co-defts."  (Id. at 13.)  The court will
19 construe this argument advanced by movant as a "freestanding" claim of actual innocence – i.e.,
20 that, despite the lack of any constitutional error at his trial, his incarceration is unconstitutional
21 due to his actual innocence of the crimes for which he was convicted.

22       The United States Supreme Court has, on several occasions, assumed without expressly
23 deciding, that a "freestanding" claim of actual innocence is cognizable on federal habeas review.
24 See House v. Bell, 547 U.S. 518, 554–55 (2006); Herrera v. Collins, 506 U.S. 390, 417 (1993).
25 The Ninth Circuit has also assumed that freestanding actual innocence claims are cognizable on
26 collateral attack.  See e.g., Berry, 624 F.3d at 1038 n. 5 ("This circuit recognizes a claim of actual
27 innocence that is cognizable under § 2255."); Carriger v. Stewart, 132 F.3d 463, 476–77 (9th
28 Cir.1997) (en banc).  However, the standard of proof applicable in establishing that one is entitled

1  to relief on such an actual innocence claim is "'extraordinarily high.'"  <u>Carriger</u>, 132 F.3d at 476
2  (quoting <u>Herrera</u>, 506 U.S. at 417).  In order to prevail, a petitioner "must go beyond
3  demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent."
4  <u>Id.</u>  <u>See</u> <u>also</u> <u>Cooper v. Brown</u>, 510 F.3d 870, 923 (9th Cir. 2007) ("Under these standards, a
5  petitioner must affirmatively prove that he is probably innocent."); <u>Boyde v. Brown</u>, 404 F.3d
6  1159, 1168 (9th Cir. 2005) (same).

7      Keeping in mind the demanding showing required, the undersigned finds that movant has
8  failed to show that he is probably innocent of the crimes for which he was convicted.  Movant's
9  arguments challenging the sufficiency of the evidence against him were rejected by both the trial
10  and appellate courts.  Clearly movant's unsupported arguments fail to meet the high standards to
11  prevail on an actual innocence claim. Movant has also failed to present any additional evidence
12  demonstrating his actual innocence.  Accordingly, he is not entitled to relief under § 2255 on his
13  claim of actual innocence.

14      **C.  Motion for Acquittal**

15      In his final claim for relief, movant contends that "disparity was committed by the [trial]
16  court" when it denied his Rule 29 motion for acquittal but granted co-defendant Herrera's motion
17  for judgment of acquittal. (ECF No. 346 at 5.)  In support of this contention movant argues:

> The Defendant had no idea that the people with whom he got a ride, was involved in any drug conspiracy, therefore, he was there by mere presence, and was only found guilty by association, acquitted co-defendant had knowledge of various facts, while the Defendant ignored same facts, and yet he got unduly convicted.

21  (<u>Id.</u>)  In his traverse, movant argues that he was "sentenced disparately given his lack of
22  involvement and his lack of financial interest in any drug conspiracy." (ECF No. 356 at 15.)  He
23  also argues that "it was a miscarriage of justice that defendant Diaz' nephew Herrera was granted
24  his Rule 29 acquittal, while [movant]'s Rule 29 was denied." (<u>Id.</u>)  Movant requests that his
25  conviction be reversed "and remanded back for a judgment of acquittal as was given to his co-
26  defendant Herrera, or in the alternate, [movant]'s sentence should be vacated and the case
27  remanded for a new trial." (<u>Id.</u> at 16.)
28  /////

To the extent movant is again merely repeating in his § 2255 motion the arguments he advanced on appeal that the trial court erred in denying his Rule 29 motion for acquittal, his pending claim for relief is not cognizable and should be rejected on that basis. Even if the claim is properly before this court pursuant to § 2255, movant has failed to demonstrate that his federal constitutional rights were violated by the trial court's rulings denying his motion for acquittal while granting co-defendant Herrera's motion for acquittal. The trial court found that the prosecution had introduced sufficient evidence at trial to support movant's conviction on the charges brought against him but had failed to do so as to the charges brought against Herrera. Movant has failed to demonstrate that this ruling by the trial court was in error. Whether movant believes that Herrera was more culpable in connection with the charged offenses than he was has no bearing on the resolution of this claim.

The undersigned notes that the Ninth Circuit Court of Appeals also concluded that the sentence imposed upon movant was "substantively reasonable." (ECF No. 342 at 4.) Specifically, the appellate court explained:

> The 292-month sentence was substantively reasonable. The district court imposed a sentence at the low end of the recommended Guidelines range, and carefully articulated legitimate reasons for its choice. See United States v. Ressam, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc) (explaining that a sentence if reasonable if the record, viewed in its totality, "reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(d)") (citation omitted).

(Id.) To the extent movant is not attempting to revisit any issue with respect to the sentence imposed in his case and whether it was a desperate sentence compared to the results obtained by any of his co-defendants, his motion for relief pursuant to § 2255should be rejected. Even if the claim were appropriately raised in the instant motion, movant has failed to show that his sentence was in any way imposed in violation of his constitution rights.

**V. Conclusion**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that movant's motion pursuant to 28 U.S.C. § 2255 be denied.

/////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  November 21, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:
Caballero88.2255